UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In the Matter of the Complaint of<br><br>OCEAN ANGEL V, LLC, as the owner of the vessel "OAV SKIFF," and her engines, tackle, appurtenances, etc.<br><br>For Exoneration from or Limitation of Liability | Case No. 5:19-cv-02794-EJD<br><br>**ORDER GRANTING INCREASE OF LIMITATION FUND**<br><br>Re: Dkt. No. 27 |

Pursuant to 46 U.S.C. Section 30501, *et seq.*, Ocean Angel V, LLC, ("Plaintiff-in-Limitation") recently filed a complaint (Dkt. No. 1, "Complaint") in admiralty for, *inter alia*, exoneration from, or limitation of, liability for claims arising out of an injury sustained by Robin DeLeon-Piedra while on a squid fishing voyage on July 25, 2017. Under Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions Rule F(7), DeLeon-Piedra ("Claimant") moved to increase the limitation fund of the Plaintiff-in-Limitation (Dkt. No. 27, "Motion"). Plaintiff-in-Limitation filed a motion in opposition (Dkt. No. 33, "Opposition," "Opp'n"), and Claimant filed a reply (Dkt. No. 34, "Reply"). The Court took the motions under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons below, the Court **GRANTS** the motion to increase the limitation fund of the Plaintiff-in-Limitation.

**I.     Background**

Ocean Angel V, LLC, is the owner of the fishing vessel Ocean Angel V, and does business out of Watsonville, California. Complaint ¶ 2. Ocean Angel V is a "64-foot-long drum seiner that

Case No.: 5:19-cv-02794-EJD
ORDER GRANTING MOTION TO INCREASE LIMITATION FUND

1

1  fishes for squid off the California coast."[1] Opp'n at 2. For seining operations, the Ocean Angel V

2  "utilizes a seine skiff — the OAV Skiff — to perform various tasks in coordination with the . . .

3  Ocean Angel V for the purpose of catching squid." Motion at 3–4; *see also* Exhibit A (Long's

4  declaration describing how the Ocean Angel V and the OAV Skiff function together).[2]

5        On July 25, 2017, the Ocean Angel V and the OAV Skiff were being operated to seine for

6  squid in Monterey Bay. Motion at 3.[3] Jesse Long was acting as the captain of Ocean Angel V. *Id*.

7  Claimant was operating the OAV Skiff, which accompanied the Ocean Angel V, and which "was

8  being used to tow and help control the movement of the . . . Ocean Angel V as it was seining for

9  squid." *Id*. at 3–4.

10       According to Claimant's Crew Member Agreement with Plaintiff-in-Limitation, the OAV

11 Skiff is:

> a critical piece of equipment . . . [that] no Crew Member, including the Skiff/Operator, shall utilize . . . without the express, prior authorization of the Captain or Owner. The skiff is to be utilized at all times, only for Vessel business/operations, unless the Captain or Owner specifically authorizes any other use.

15 *Id*. at 4 (citing Exhibit B of Motion) (emphasis supplied by Claimant having been removed).

16 Claimant alleges that "[d]uring Claimant's voyage as a crew member of the . . . Ocean Angel V,

17 whether working onboard the . . . Ocean Angel V or the OAV Skiff, she was singularly employed

18 by Plaintiff-in-Limitation and under the command of the captain of the . . . Ocean Angel V, Jesse

19 Long." *Id*. Claimant also alleges that "[d]uring the course of the operation, the OAV Skiff has no

20 other function other than helping the placement of and control of the [seine], or towing the . . .

21 Ocean Angel V while it is getting set to fish for squid." *Id*.

---

[1] Claimant describes the Ocean Angel V as a "58-foot aluminum vessel bearing the Official Number CF9280TE." Motion at 3.

[2] The OAV Skiff's Official Number is AK 2570 AL. Motion at 3.

[3] For the purpose of this Motion, the Court relays the following background facts as alleged in the motion to increase the limitation fund, except where otherwise noted.

Case No.: 5:19-cv-02794-EJD
ORDER GRANTING MOTION TO INCREASE LIMITATION FUND
2

United States District Court
Northern District of California

1   While operating the Skiff, Claimant sustained the injury that served as the basis for the Plaintiff-in-Limitation to file the Complaint in May 2019. *Id.* In the Complaint, Plaintiff-in-Limitation discusses only the OAV Skiff, and does not mention the Ocean Angel V in the context of Plaintiff's injury, the value of the limitation fund, or otherwise. *See generally* Complaint. Plaintiff-in-Limitation alleges that at the time of Claimant's injury the net value of the OAV Skiff, including the value of any freight it contained, was $50,000. *Id.* ¶ 8. Plaintiff-in-Limitation moved to limit any liability regarding Claimant's injury to this $50,000 value. *See, e.g.*, *id.* at 5.

In the Motion, Claimant argues that Plaintiff-in-Limitation's limitation fund should reflect not only the value of the OAV Skiff, but also the value of the Ocean Angel V and its attached permits. *See* Motion at 5–6. Claimant argues that this additional value amounts to $1,055,000. *Id.* at 6. In the Motion, Claimant also seeks a re-appraisement of the Ocean Angel V. *See id.* at 11.

In the Opposition, Plaintiff-in-Limitation argues that "the current Limitation Fund of $50,000.00 is more than equal to the amount or value of the Plaintiff-in-Limitation's interest in the appropriate vessel, the Skiff, as required by Federal Rule of Civil Procedure, Supplemental Rule for Admiralty, F(1)." Reply at 6. Plaintiff-in-Limitation also "agrees to stipulate to Claimant's proposed valuation of $1,055,000.00 for the OAV and her licenses and permits" in the alternative that the Court finds for Claimant. *Id.* Plaintiff-in-Limitation argues the Court should deny Claimant's request for the re-appraisement of the Ocean Angel V. *Id.*

**II.   Legal Standard**

Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions Rule F(1) provides that "[n]ot later than six months after receipt of claim in writing, any vessel owner may file a complaint in the appropriate district court, . . . for limitation of liability pursuant to statute." Fed. R. Civ. P. Supp. AMC Rule F(1). 46 U.S.C. Section 30505(a) provides that, "[e]xcept as provided in section 30506 of this title, the liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and pending freight," *id.* 46 U.S.C. Section 30505(b) provides a description of claims that are subject to limitation, and this description includes claims arising from "any loss, damage, or injury by

Case No.: 5:19-cv-02794-EJD
ORDER GRANTING MOTION TO INCREASE LIMITATION FUND
3

1  collision," *id.*

2  Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions Rule

3  F(7) provides the following:

> Any claimant may by motion demand that the funds deposited in court or the security given by the plaintiff be increased on the ground that they are less than the value of the plaintiff's interest in the vessel and pending freight. Thereupon the court shall cause due appraisement to be made of the value of the plaintiff's interest in the vessel and pending freight; and if the court finds that the deposit or security is either insufficient or excessive it shall order its increase or reduction. In like manner any claimant may demand that the deposit or security be increased on the ground that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury; and, after notice and hearing, the court may similarly order that the deposit or security be increased or reduced.

Fed. R. Civ. P. Supp. AMC Rule F(7).

### III. Discussion

Claimant argues that, pursuant to the flotilla doctrine, the value of the limitation fund should include the values of both the OAV Skiff and the Ocean Angel V. Motion at 7. In the Motion, Claimant requests that the Court order an appraisement of the value of the Ocean Angel V. *Id.* at 11.

### A. Flotilla Doctrine

Under the flotilla doctrine, the value of the limitation fund or security deposit in a limitation action can be increased in some circumstances to include the value of all vessels engaged in the same common enterprise or common venture as the vessel aboard which the disputed loss or injury was sustained. The flotilla rule has been utilized in cases involving lost cargo as well as cases involving personal injuries. *See, e.g.*, *Sacramento Nav. Co. v. Salz*, 273 U.S. 326, 332, 47 S. Ct. 368, 71 L. Ed. Ed. 663 (1927) (concluding that the vessel owner's liability for the lost cargo included both the barge involved in the collision and the attendant steamer because both vessels were needed for the execution of the relevant shipping contract); *Standard Dredging Co. v. Kristiansen*, 67 F.2d 548, 551 (2d Cir. 1933) (applying the flotilla doctrine in a case involving personal injuries sustained by an employee upon his employer's vessel).

Case No.: 5:19-cv-02794-EJD
ORDER GRANTING MOTION TO INCREASE LIMITATION FUND
4

Federal courts have developed two tests to determine whether the flotilla doctrine applies in a limitation action. For the Fifth Cicuit's test, the flotilla doctrine applies "[w]here vessels are owned by the same person, engaged in a common enterprise, and under a single command." *Complaint of Tom–Mac, Inc.*, 76 F.3d 678, 684 (5th Cir. 1996). Under the Second Circuit's test, all vessels that are necessary to the performance of the relevant contract are considered to be engaged in a common venture with the offending vessel, thereby triggering the flotilla doctrine. *See, e.g.*, *In re United States Dredging Corp.*, 264 F.2d 339, 341 (2d Cir. 1959). The Ninth Circuit has not expressed a preference for one over the other. *See Matter of Hornblower Fleet, LLC*, No. 16CV2468 JM(JMA), 2017 WL 4769654, at *2 (S.D. Cal. Oct. 23, 2017). Parties to this motion make arguments under both tests. The Court finds that for the facts presented in the instant case the Fifth Circuit flotilla doctrine test is more appropriate than the Second Circuit test. The Court therefore declines to apply the Second Circuit test.

Here, Claimant and Plaintiff-in-Limitation agree that both the Ocean Angel V and the OAV Skiff were owned by Plaintiff-in-Limitation on July 25, 2017. Motion at 8; Opp'n at 3. Claimant and Plaintiff-in-Limitation also agree that both vessels were engaged in a common enterprise. Motion at 8; Opp'n at 3. However, Claimant and Plaintiff-in-Limitation disagree as to whether both the Ocean Angel V and the OAV Skiff were under a single command at the time of Claimant's injury. Motion at 9; Opp'n at 3.

Plaintiff-in-Limitation argues that Claimant was "the captain of her own boat," and that therefore the Ocean Angel V and the OAV Skiff were not under a single command. Opp'n at 4. Plaintiff-in-Limitation points to Claimant's testimony that she was the "captain" of the OAV Skiff, Opp'n at 4 (citing Exhibit B of Opp'n, at 189:8–13), and that she was "in charge of the operations of the Skiff and had the authority to complete the Skiff's tasks as she saw fit," *id*. (citing Exhibit B of Opp'n at 188:1–7). Plaintiff-in-Limitation also points to Long's testimony. Long testified that, while acting as the captain of the Ocean Angel V, he "did not micro-manage the Claimant while she was at the helm of the Skiff," and that "it was 'up to [the skiff operator's] discretion to do what's best' as to the operation of the Skiff." *Id.* at 4. Long also testified that

Case No.: 5:19-cv-02794-EJD
ORDER GRANTING MOTION TO INCREASE LIMITATION FUND
5

"[h]is only input into the Skiff's movements was minimal and consisted of simple flashlight signals regarding direction and speed only on an as-needed basis if there was a problem with the tow." *Id.* (citing Exhibit A of Opp'n at 64:6–17). According to Long, whenever the OAV Skiff was towing the Ocean Angel V, Long typically was "working the hydraulic levers and the purse winch"—placing him "out of sightline of the skiff and unable to monitor its movements or control its activities" unless he "stop[ped] what he was doing and walk[ed] to the other side of the vessel to give [a] signal . . . using a flashlight." *Id.*

Claimant generally does not dispute the facts provided in Plaintiff-in-Limitation's argument, Reply at 4, but argues that Plaintiff-in-Limitation quoted Claimant's testimony misleadingly, that the OAV Skiff's primary function was to assist the Ocean Angel V in fishing for squid, and that Fifth Circuit case law indicates that Long's "ultimate authority" over both the Ocean Angel V and the OAV Skiff satisfies the "single command" prong of the flotilla doctrine test. *Id.* at 3–7. Claimant argues that Plaintiff-in-Limitation selectively quoted Claimant in an attempt to show that Claimant was the captain of the OAV Skiff. *See, e.g.*, *id.* at 4. Claimant points out that she stated in her testimony, "You're not a captain of a skiff." *Id.* (citing Exhibit B of Opp'n at 189:15–16). Additionally, in response to the question "And it's your job to complete . . . tasks as you see fit?" the Claimant stated the following:

> Correct. But you can get a directive from your captain, and when you're given that directive as, i.e., in how to stack your line, your tow line, and they suggest -- they give you a directive. They don't suggest. They tell you "This is the way I want it done," then you follow their directive.

*Id.* at 6 (citing Exhibit B of Opp'n at 189:2–7). The Claimant further testified, "You are [a] tool of the seiner when you are a skiff operator." *Id.* at 4 (citing Exhibit B of Opp'n at 189:22–23).

Claimant also argues that Long's testimony indicates that "the OAV Skiff has no other function than helping the placement of and control of the net, or towing the . . . Ocean Angel V while it is getting set to fish for squid." *Id.* at 5 (citing Exhibit C of Motion at 56–57). Moreover,

Case No.: 5:19-cv-02794-EJD
ORDER GRANTING MOTION TO INCREASE LIMITATION FUND
6

1   Claimant points to Claimant's Crew Member Agreement with Plaintiff-in-Limitation, which states
2   that the OAV Skiff is:

> a critical piece of equipment . . . [that] no Crew Member, including the Skiff/Operator, shall utilize . . . without the express, prior authorization of the Captain or Owner. The skiff is to be utilized at all times, only for Vessel business/operations, unless the Captain or Owner specifically authorizes any other use.

*See, e.g.*, Motion at 4 (citing Exhibit B of Motion at 6) (having removed the emphasis supplied by Claimant).

Lastly, citing Fifth Circuit case law, Claimant argues that the "single command" prong "requires a person or captain with the right to control the vessels at issue," Reply at 3 (citing *In re War Admiral L.L.C.,* No. CIV. A. 09-32177, 2011 WL 5826083, *5–6 (E.D. La. Nov. 18, 2011) (internal citations omitted)), but "that person need not be someone providing on-board direction," *id*. (citing *In re War Admiral L.L.C.*, 2011 WL 5826083, at *5 (internal citations omitted)). Claimant argues that Fifth Circuit courts have held that "a court may go over the head of the captain of an individual boat in order to establish single command among common management personnel." *Id*. at 4 (citing *Foret v. Transocean Offshore (USA), Inc.*, No. CIV. A. 09-4567, 2011 WL 3818635, at *8 (E.D. La. August 29, 2011)). Claimant points to *In re War Admiral L.L.C.*, 2011 WL 5826083, which in turn cites to cases in which courts found that an individual who was not on board a vessel and who was not a captain of the vessel was nevertheless exercising "single command" of the vessel. *Id*. at 3–4 (citing *In re War Admiral L.L.C.*, 2011 WL 5826083 ("single command" prong satisfied by an unnamed on-shore dispatcher who was directing three different vessels); *Matter of Antill Pipeline Constr. Co., Inc.*, No. CIV. A. 97-0578, 1998 WL 321512 (E.D. La. June 17, 1998) ("single command" prong satisfied by supervisor who had command of the activities of the vessels at the time of alleged accident); *Complaint of Tom Quinn Co., Inc.*, 806 F. Supp. 945 (M.D. Fla. 1992) ("single command" prong satisfied by project supervisor who exercised single command of both a tug and a barge involved in bridge repair project)).

Claimant argues that the "single command" prong of the Fifth Circuit test is satisfied, *id*. at 3–7, because the Ocean Angel V and the OAV Skiff "operate under the command of the same

Case No.: 5:19-cv-02794-EJD
ORDER GRANTING MOTION TO INCREASE LIMITATION FUND
7

captain." Motion at 3; *see also* Reply at 4 ("[Long] maintained ultimate authority over the OAV Skiff."). Claimant alleges that "[d]uring seining operations, Captain Long would provide signals and other instructions to the operator of the OAV Skiff as far as how he would like it to tow, the direction he would want it to tow, and the speed with which he would want the OAV Skiff to proceed." Motion at 3 (citing Exhibit C of Motion). Claimant alleges that Long "manned the . . . Ocean Angel V and directed Claimant's maneuvering of the OAV Skiff during the seining operation." *Id.* at 4.

The Court finds that, because the OAV Skiff's functional purpose was to assist the Ocean Angel V in fishing for squid, and because the captain of the Ocean Angel V exercised control over the lead operator of the OAV Skiff by communicating directions to her, the captain of the Ocean Angel V—here, Long—served as the "single command" for both vessels. The fact that Long was not on board the OAV Skiff, was not personally operating the controls of the OAV Skiff, and was not maintaining uninterrupted communication with the vessel's operator are all non-dispositive of the fact that Long was acting as the single command among common management personnel for both the Ocean Angel V and the OAV Skiff.

Accordingly, the Court finds that all three prongs of the Fifth Circuit flotilla doctrine test are satisfied in the present case, and that therefore the limitation fund should include the value of both the OAV Skiff and the Ocean Angel V.

### B. Appraisement

In the Motion, Claimant requests the Court to "order that the . . . Ocean Angel V be subject to appraisal of its full value, including its interest in licenses and permits." Motion at 11. Claimant also provides expert testimony that the Ocean Angel V and its licenses and permits is valuated at $1,055,000.00. *Id.* at 10–11 (citing Exhibit D of Motion). In the Opposition, Plaintiff-in-Limitation stipulates to the $1,055,000.00 valuation of the Ocean Angel V in the event that this Court finds that the flotilla doctrine does apply to the case. Opp'n at 6. Plaintiff-in-Limitation argues that there is no need for a further survey or appraisement of the Ocean Angel V. *Id.* In the Reply, Claimant stated she would withdraw her request for court order of appraisement if the

Case No.: 5:19-cv-02794-EJD
ORDER GRANTING MOTION TO INCREASE LIMITATION FUND
8

Court grants the motion to increase the limitation fund. Reply at 8. The Court does grant the motion and sees no need for another appraisement of the Ocean Angel V.

### IV.     Conclusion

For the reasons given above, the Court **GRANTS** the motion to increase the limitation fund. The Court orders Ocean Angel V, LLC, to increase the limitation fund, or the amount of the security deposited by Ocean Angel V, LLC, to reflect the value of the Ocean Angel V in addition to the OAV Skiff. The Court orders Ocean Angel V, LLC, to increase the limitation fund, or the amount of the security deposited by Ocean Angel V, LLC, by $1,055,000.00. Taking into account the $50,000 valuation of the OAV Skiff, the limitation fund, or the amount of the security deposited, should now be set at $1,105,000.00.

**IT IS SO ORDERED.**

Dated: March 10, 2021

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-02794-EJD
ORDER GRANTING MOTION TO INCREASE LIMITATION FUND
9